SAFECO INSURANCE COMPANY OF AMERICA, PLAINTIFF v. NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANT.

(Filed 18 June, 1965.)

**Insurance § 66.1;    Execution § 3;    Judgments § 43—**

Where insurer for the original defendant pays plaintiff's judgment he becomes by operation of law an assignee of the original defendant's judgment against the additional defendants for contribution, and when execution against the additional defendants, issued in the name of the original defendant, is returned unsatisfied, insurer for the original defendant may maintain an action on the judgment against insurer for the additional defendants.

APPEAL by plaintiff from *Bone, E.J.*, March 8, 1965 Session of WAKE.

Defendant demurred to the complaint for failure to state a cause of action. The demurrer was sustained.

Summarily stated, the complaint alleges these facts: On May 2, 1962, defendant issued to William Elliott an assigned risk automobile liability insurance policy affording protection to those insured thereby, to the extent required by G.S. 20-279.21, against liability resulting from the operation of the Ford automobile therein described.

On December 22, 1962, Otis Davis Blue, while operating the Ford described in the policy issued to Elliott, was involved in a collision with an automobile operated by Joe Harold Parnell. Blue was operating the Ford in the presence of and with the consent of Elliott. He was, because of such consent, an insured protected by the policy.

Billy Ray Phillips was injured when the automobiles collided. Phillips, alleging his injuries were caused by Parnell's negligence, instituted an action in the Superior Court of Sampson County to recover damages for the injuries sustained. Parnell caused Elliott and Blue to be made parties for contribution, as permitted by G.S. 1-240.

The jury, when the cause was tried, found Phillips was injured by the negligence of Parnell. It fixed his damage at $3,500. It also found plaintiff was injured and damaged by the joint and concurring negligence of Blue and Elliott, as alleged in the cross action. (See *Phillips v. Parnell*, 261 N.C. 410, 134 S.E. 2d 676.) Based on the verdict, judgment was entered in Phillips' favor against Parnell for $3,500 and costs. It was further adjudged "that upon the payment by or on behalf of defendant Joe Harold Parnell of the sum of THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) to the Clerk of Superior Court of Sampson County in satisfaction of the judgment of plaintiff, defendant Joe Harold Parnell have and recover of additional defendants Otis Davis Blue and William Elliott, the sum of ONE THOUSAND SEVEN HUNDRED FIFTY ($1,750.00) DOLLARS. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the costs of this action be taxed against defendant Joe Harold Parnell, and that upon payment thereof defendant Joe Harold Parnell have judgment against additional defendants Otis Davis Blue and William Elliott for one-half of the amount thereof."

Prior to December 1962, plaintiff insured Parnell against liability resulting from the negligent operation of his automobile, one of the vehicles involved in the collision causing injury to Phillips. Plaintiff, acting as required by the policy issued Parnell, on October 2, 1963, paid and had cancelled of record the judgment obtained by Phillips against Parnell. The amount paid, including costs, amounted to $3,597.10. Because of the payment so made, plaintiff, as a matter of law and by express language of its policy, became subrogated to the rights of Parnell against Blue and Elliott.

Plaintiff caused execution to issue in Parnell's name, to enforce the judgment liability of Blue and Elliott, as fixed by the judgment rendered in Phillips' action against Parnell. The execution was returned unsatisfied.

Plaintiff, because of its payment of the judgment against its insured, was subrogated to its insured's rights. Defendant, by the express provisions of the policy issued Elliott, was obligated to discharge the judgment liability of Blue and Elliott.

*Teague, Johnson & Patterson; Robert M. Clay for plaintiff appellant.*
*Dupree, Weaver, Horton & Cockman; F. T. Dupree, Jr. and Jerry S. Alvis for defendant appellee.*

RODMAN, J. It has been judicially established that the negligent operation of a motor vehicle by Blue and Elliott, coupled with the negligent operation of another motor vehicle by Parnell, resulted in injuries to Phillips. The amount of compensation to which he is entitled has been judicially determined. Phillips elected to look to Parnell for compensation. Parnell, as permitted by G.S. 1-240, had Blue and Elliott made parties for contribution. The judgment which Phillips obtained against Parnell also adjudged Blue and Elliott liable to Parnell for their proportionate part of the compensation for which Parnell was adjudged liable. The Phillips' judgment has been paid. That payment made Parnell a judgment creditor of Blue and Elliott. They have not challenged the judgment declaring their liability.

If Parnell had used his funds to pay Phillips, he could have collected his judgment by execution against his judgment debtors if they had property sufficient to satisfy the execution, G.S. 1-302.

Parnell could assign his judgment against Blue and Elliott. When assigned, execution thereon would issue in Parnell's name — not in the name of the assignee. *Winberry v. Koonce*, 83 N.C. 351; *Jones v. Franklin Estate*, 209 N.C. 585, 183 S.E. 732; 49 C.J.S. 973. If, however, the assignee elected to sue on the judgment, the action could only be maintained in the name of the assignee, G.S. 1-57. *Moore v. Nowell*, 94 N.C. 269; *Burgess v. Trevathan*, 236 N.C. 157, 72 S.E. 2d 231; *Herring v. Jackson*, 255 N.C. 537, 122 S.E. 2d 366; *Parnell v. Insurance Co.*, 263 N.C. 445, 139 S.E. 2d 723; *Shambley v. Heating Co.*, 264 N.C. 456, 142 S.E. 2d 18.

Plaintiff, Parnell's insurer, having discharged Parnell's liability to Phillips, became by operation of law an equitable assignee. As such, it acquired Parnell's rights to enforce payment from Blue and Elliott. *Cunningham v. R. R.*, 139 N.C. 427, 51 S.E. 1029; *Pittman v. Snedeker*, 264 N.C. 55, 140 S.E. 2d 740; *Shambley v. Heating Co., supra*.

The fact that plaintiff, as subrogee of Parnell, can by execution or action enforce the judgment liability of Blue and Elliott imposes no obligation on defendant. That obligation, if it exists, results from the contract which defendant made for the benefit of Blue and Elliott. Plaintiff alleges defendant contracted:

> "To pay on behalf of the insured [Blue and Elliott] all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the automobile.

"ACTION AGAINST COMPANY: No action shall lie against the company, unless as a condition precedent thereto, the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company.

"Any person or organization or legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

There can be no reasonable doubt that the contract, as alleged, was intended to protect Blue and Elliott from judgments imposing liability on them for the negligent operation of a motor vehicle. Plaintiff, as an equitable assignee of Parnell, succeeding to his rights, can compel defendant to perform its contract. This is true by the express language of the contract, as well as by numerous decisions of this Court. *Potter v. Water Co.*, 253 N.C. 112, 116 S.E. 2d 374; *Lammonds v. Manufacturing Co.*, 243 N.C. 749, 92 S.E. 2d 143; *Trust Co. v. Processing Co.*, 242 N.C. 370, 88 S.E. 2d 233.

The facts alleged, and admitted by the demurrer, establish defendant's liability. The admissions are, however, conditional. Defendant may, by answer, controvert any of the facts alleged by plaintiff.

Reversed.