NATIONWIDE MUTUAL INSURANCE COMPANY v. JOHN ROBERT BYNUM.

(Filed 11 May, 1966.)

**1. Torts § 4—**

The right of one joint tort-feasor to compel contribution from another is purely statutory. G.S. 1-240.

**2. Same—**

G.S. 1-240 gives joint tort-feasors and joint judgment debtors the right to contribution, but this statutory right relates to contribution and does not include subrogation.

**3. Same—**

A passenger in a car recovered judgment in a suit against the insurer of the driver for injuries received in a collision. Insurer paid the judgment and sued the driver of the other car upon allegations that such other driver was guilty of concurring negligence causing the collision. *Held:* Plaintiff insurer's rights arise by contract of subrogation under its policy and not upon the right of contribution by a joint tort-feasor who has paid the judgment, and insurer may not maintain an action against the driver of the other car under G.S. 1-240.

**4. Constitutional Law § 10—**

Whether a statute should be amended to enlarge its scope relates to a legislative and not a judicial function.

MOORE, J., not sitting.

APPEAL by plaintiff from *Copeland, S.J.,* March 7, 1966 Non-Jury Civil Session, WAKE Superior Court.

The plaintiff instituted this civil action to recover the sum of $678.00, "The same being one-half of the amount paid by the plaintiff in discharge of the judgment against plaintiff's insureds . . ." The action grew out of this factual background: John Robert Bynum, the defendant, and Reuben F. Bland live directly across the street from each other. Their private driveways into the street likewise are directly opposite. At 2:30 p.m. on February 21, 1965, John Robert Bynum attempted to back his Chevrolet into the street from his driveway. At the same time Billie C. Bland, agent of Reuben F. Bland, likewise attempted to back the latter's Ford from the driveway into the street. The rear ends of the vehicles collided near the center of the street. Neither driver knew of the presence or intended movement of the other. Edna M. Bynum, wife of John Robert Bynum, was a passenger in her husband's Chevrolet. She suffered injury as a result of the collision.

Edna M. Bynum brought suit against Billie Clyde Bland, driver, and Reuben F. Bland, owner of the Ford, and obtained a judgment for $1,200.00 for her injuries.

The plaintiff, Nationwide Mutual Insurance Company, as required by its policy of insurance on the Ford, paid to Mrs. Bynum the judgment, interest, and costs, amounting to $1,356.00. Nationwide brings this action against John Robert Bynum for the recovery of one-half of the amount paid Mrs. Bynum in satisfaction of her judgment.

As a basis for the recovery against Bynum, the plaintiff, Nationwide, alleged:

> "12. The injuries and damages complained of by Edna M. Bynum in the aforesaid civil action were not only caused by the negligence of the plaintiff's insureds, who were named as defendants therein, but were also proximately caused by the negligence of the defendant in this action, John Robert Bynum, who, in causing the collision between the Bland automobile and his automobile was negligent in these particulars: ((a) failure to keep a proper lookout; (b) failure to keep the Chevrolet under proper control; (c) failure to stop in time to avoid a collision.)
>
> "13. The negligence of John Robert Bynum as aforesaid joined and concurred with that of Billie Clyde Bland and Reuben Fernando Bland, and their joint and concurrent negligence thus became the proximate cause of the injuries and damages sustained by Edna M. Bynum and constituted them joint tort-feasors."

The defendant filed the following demurrer:

> "That the Complaint does not state facts sufficient to constitute a cause of action against defendant in that: It affirmatively appears from the Complaint that plaintiff is an insurance carrier who has paid a joint tort-feasor's obligations to the injured party and now seeks to force contribution from another alleged tort-feasor; that it affirmatively appears from the Complaint that plaintiff is not a tort-feasor or a joint tort-feasor within the provisions of N. C. G.S. 1-240 and cannot as a matter of law maintain said action."

The court sustained the demurrer and dismissed the action. The plaintiff excepted and appealed.

*Dupree, Weaver, Horton, Cockman & Alvis by F. T. Depree, Jr., Jerry S. Alvis for plaintiff appellant.*

*Teague, Johnson & Patterson by Robert M. Clay for defendant appellee.*

HIGGINS, J.  The plaintiff-appellant in its brief correctly states the question of law involved in this appeal:

"Can an automobile insurer of one joint tort-feasor after discharging in full a judgment obtained by an injured party against its insured maintain in its own name an action for contribution under G.S. 1-240 against a second joint tort-feasor whose negligence proximately caused and contributed to the injury for which the judgment was obtained where the second tort-feasor was not made a party to the original suit?"

Under the rules of the common law the right of one joint tort-feasor to compel contribution from another did not exist. The common law rule in this State was changed by the enactment of Chapter 194, Public Laws, Session of 1919, and was further changed by Chapter 68, Public Laws of 1929. These enactments are now codified as G.S. 1-240.

In substance the section provides that where two or more persons are liable for their joint tort and judgment has been rendered against some, but not all, those who pay may enforce contribution against the others who are jointly liable. "The right permitted to be enforced under this section is one of contribution and not one of subrogation." *Potter v. Frosty Morn Meats, Inc.*, 242 N.C. 67, 86 S.E. 2d 780; *Squires v. Sorahan*, 252 N.C. 589, 114 S.E. 2d 277; *Hayes v. Wilmington*, 243 N.C. 525, 91 S.E. 2d 673; *Tarkington v. Printing Co.*, 230 N.C. 354, 53 S.E. 2d 269. Joint tort-feasors and joint judgment debtors are given the right to contribution. The plaintiff is neither.

The original action was brought by Mrs. Bynum against the plaintiff's insured. The present defendant, John Robert Bynum, was not a party to his wife's action. He was, of course, not adjudged a joint tort-feasor. No judgment whatever has been entered against him. In the two cases cited by the plaintiff in support of its position, *Pittman v. Snedeker*, 264 N.C. 55, 140 S.E. 2d 740, and *Safeco v. Insurance Co.*, 264 N.C. 749, 142 S.E. 2d 694, the insureds were adjudged to be joint tort-feasors and judgments were rendered against them. Hence they are within the specific provisions of G.S. 1-240. Nationwide was neither a judgment debtor nor a joint tort-feasor. The plaintiff's rights as insurer arise by contract of subrogation under its policy and not as a result of its joint liability as a tort-feasor who has paid the judgment and is entitled to force contribution under G.S. 1-240.

A rather impressive argument may be advanced in support of the proposition that the statute should be amended to include subrogation in the same category as contribution. Our decisions have been uniform in holding that subrogation is not included within the frame-

work of G.S. 1-240. If and when the lawmaking body wishes to amend the statute, a few words will suffice. This Court must forego the opportunity to amend here. The judgment sustaining the demurrer is

Affirmed.

MOORE, J., not sitting.