STATE OF NORTH CAROLINA v. KEITH A. WATSON, Defendant

No. COA95-352

(Filed 4 June 1996)

**1. Automobiles and Other Vehicles § 833 (NCI4th)— driving while impaired—reasonable and articulable suspicion for stop**

A highway patrolman had a reasonable and articulable suspicion for stopping defendant's vehicle where he observed defendant driving on the center line and weaving back and forth within his lane for 15 seconds at 2:00 a.m. on a road near a nightclub. Looking at the totality of the circumstances, the evidence is sufficient to form a suspicion of impaired driving in the mind of a reasonable and cautious officer.

**Am Jur 2d, Automobiles and Highway Traffic §§ 296-311.**

**What amounts to violation of drunken-driving statute in officer's "presence" or "view" so as to permit warrantless arrest. 74 ALR3d 1138.**

**2. Evidence and Witnesses § 1832 (NCI4th)— driving while impaired—notification of rights**

A defendant stopped for driving while impaired was adequately notified of his rights as required by N.C.G.S. § 20-16.2(a) where defendant was informed of his rights, signed a form containing those rights, submitted to chemical analysis, and the record contains no evidence that defendant refused to submit to the test.

**Am Jur 2d, Automobiles and Highway Traffic § 304.**

**3. Evidence and Witnesses § 1812 (NCI4th)— driving while impaired—printed results of test—record produced by machine**

The trial court did not err in a prosecution for driving while impaired by denying defendant's motion to suppress the results of his chemical analysis where defendant argued that the trooper did not record the printed results of the test or provide defendant with a copy prior to trial as mandated by N.C.G.S. § 20-139.1(e) but the required information was supplied on the test card printed by the machine after the test was performed, which the

STATE v. WATSON

[122 N.C. App. 596 (1996)]

trooper gave to defendant. The reliability and accuracy of current blood alcohol testing methods was recognized by *State v. Smith,* 312 N.C. 361, and the record produced by the machine is sufficient to meet the statutory requirements.

**Am Jur 2d, Automobiles and Highway Traffic §§ 122-132, 305-308, 375, 377-380, 384.**

4. **Evidence and Witnesses § 1812 (NCI4th)— driving while impaired—breathalyzer results—copy furnished to defendant**

The trial court did not err in a prosecution for driving while impaired by admitting breathalyzer results where defendant argued that the trooper failed to provide him with a copy of his breathalyzer results but the trooper testified that he gave defendant a copy of the rights and read them to him.

**Am Jur 2d, Automobiles and Highway Traffic §§ 307, 377.**

5. **Evidence and Witnesses § 1830 (NCI4th)— driving while impaired—calibration of breathalyzer**

The trial court did not err in a driving while impaired prosecution by admitting breathalyzer results where defendant argued that the State did not present sufficient evidence of instrument calibration, but the trooper testified that as part of his preparation of the machine he "insured that the instrument calibration checked out accurately" and defendant failed to cross-examine the trooper regarding the specifics of his instrument calibration.

**Am Jur 2d, Automobiles and Highway Traffic §§ 307, 377.**

6. **Automobiles and Other Vehicles § 843 (NCI4th)— driving while impaired—date of offense—variance in testimony**

There was not a fatal variance in a driving while impaired prosecution concerning events on the 5th of June which the trooper testified occurred on the 25th. Defendant testified that the events occurred on the 5th.

**Am Jur 2d, Automobiles and Highway Traffic §§ 375-380.**

**Cough medicine as "intoxicating liquor" under DUI statute. 65 ALR4th 1238.**

**STATE v. WATSON**

[122 N.C. App. 596 (1996)]

Appeal by defendant from judgment entered 29 July 1994 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 22 January 1996.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*James Hite Avery Clark & Robinson, by Leslie S. Robinson, for defendant-appellant.*

LEWIS, Judge.

Defendant was charged with and found guilty of impaired driving in Pitt County District Court. He appealed to Superior Court, where a jury again convicted him. Defendant appeals. For the reasons stated below, we find that defendant received a fair trial free of prejudicial error.

At trial the State's evidence tended to show that one morning in June 1993 at approximately 2:30 a.m. Trooper Everett Lee Deans, a highway patrolman, observed a 1971 Ford pickup truck driving on the dividing line on State Road 1534, a two-lane highway, near a nightclub called Hard Times. After Trooper Deans turned to follow the vehicle, he noticed it weaving back and forth in its lane. After observing this behavior for approximately 15 seconds, the officer pulled the vehicle over.

Trooper Deans testified that defendant was driving the vehicle. After smelling a strong odor of alcohol as he approached the truck, Trooper Deans requested that defendant join him in his patrol car. In the car, the officer noticed a strong odor of alcohol coming from defendant and that his eyes were red and glassy. Trooper Deans arrested defendant for impaired driving.

Trooper Deans, a certified chemical analyst, then transported defendant to the intoxilyzer room where he examined and prepared the machine. Prior to administering the test, he informed defendant of his intoxilyzer rights and gave him a copy of those rights. After the test, the results showed a .13 alcohol concentration. Trooper Deans provided a copy of the results to defendant.

Next, defendant consented to a series of psychophysical tests including a one-legged stand, walking a line, a sway test, and a finger-to-nose test. The officer's testimony revealed that defendant performed only the sway test satisfactorily. After receiving his Miranda

rights, defendant told Trooper Deans that he had drunk three or four beers that evening but did not think he was under the influence of alcohol.

The trooper testified that in his opinion after observing the defendant for approximately two hours, he believed defendant "had consumed enough alcoholic beverage to appreciably impair both his mental and physical faculties that he should not have been operating that vehicle on that night." On cross-examination, Trooper Deans agreed that there was nothing unusual about defendant's speech or ability to walk.

Defendant's evidence consisted of testimony from himself and a Ms. Brinkley, a passenger in his truck that evening. Defendant testified that he had about four beers that evening but was not impaired. Ms. Brinkley, who at the time had known defendant for a year and a half, stated that she noticed nothing different about defendant and that she had no concerns about riding with him that evening.

Defendant made fifteen assignments of error. However, because he only argued five in his brief, the rest are deemed abandoned. N.C.R. App. P. 28(a) (1996).

[1] Defendant first argues that Trooper Deans did not have a reasonable and articulable suspicion when he stopped the defendant's vehicle. We disagree.

Since the Fourth Amendment applies to brief investigatory stops such as this one, an "investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417, 66 L. Ed. 2d 621, 628 (1981). It is our job to consider the totality of the circumstances to determine whether there was a reasonable suspicion to make the investigatory stop. *See State v. Watkins*, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994). "The stop must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training." *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 21-22, 20 L. Ed. 2d 889, 906 (1968)). All that is required is a "minimal level of objective justification." *Id.* at 442, 446 S.E.2d at 70.

In this case, Trooper Deans testified that he observed defendant driving on the center line and weaving back and forth within his lane for 15 seconds. This observation occurred at 2:30 a.m. on a road near a nightclub. Looking at the totality of the circumstances, we hold that

this evidence is sufficient to form a suspicion of impaired driving in the mind of a reasonable and cautious officer. We therefore overrule this assignment of error.

**[2]** Defendant next argues that the trial court erred in not granting his motion to suppress the results of his chemical analysis. The first basis for his argument is that he was not properly advised of his rights under N.C. Gen. Stat. 20-16.2(a) because Trooper Deans did not take him before another officer to have his rights read. Defendant argues that *Nicholson v. Killens*, 116 N.C. App. 473, 448 S.E.2d 542 (1994), controls. We disagree.

In *Nicholson*, the charging officer requested that the defendant submit to a chemical analysis, but the defendant refused. *Id.* at 474, 448 S.E.2d at 542. The defendant was not taken before another officer to be advised of his rights under G.S. section 20-16.2(a). *Id.* The defendant's driver's license was revoked. The trial court subsequently entered an order rescinding the revocation on the ground that the defendant had not been notified of his rights in accordance with G.S. section 20-16.2(a). *Id.* at 475, 448 S.E.2d at 542. This Court affirmed, holding that a second officer should have advised the defendant of his rights. *Id.* at 478, 448 S.E.2d at 544. However, the Court stated: "[O]ur decision here has no adverse effect whatever on the admissibility of the results of the breath analysis using an automated breath instrument that prints the results of its analysis, where the driver has agreed to submit to the breath analysis." *Id.* Its holding was limited to cases in which a driver refuses to submit to a breath analysis.

In this case, the record contains no evidence that defendant refused to submit to the test. In fact, the evidence is clearly to the contrary. Defendant was informed of his rights, signed a form containing those rights and submitted to the chemical analysis. Therefore, *Nicholson* is inapplicable. We hold that defendant was adequately notified of his rights as required by G.S. section 20-16.2(a).

**[3]** The second basis defendant uses to support his suppression motion is that Trooper Deans did not record the printed results of the test nor did he provide defendant with a copy prior to trial as mandated by N.C. Gen. Stat. section 20-139.1(e). We find no merit in this argument.

N.C. Gen. Stat. section 20-139.1(e) (1993) requires the chemical analyst to record the results of the test and the time of collection of the breath samples. It also requires that a copy of this information be

given to the person submitting to the test. However, in this case the required information was supplied on the test card printed by the machine after the test was performed. Trooper Deans testified that he gave this card to the defendant. That is sufficient.

Defendant relies on *State v. Smith*, 312 N.C. 361, 323 S.E.2d 316 (1984), to support his contention that a separate recording is required. We do not find this case persuasive or controlling here. The issue in *Smith* is whether N. C. Gen. Stat. section 20-139.1(e1), which allows an affidavit by a chemical analyst to be admissible without further authentication, violates an accused's confrontation rights. *Smith* makes no mention of G.S. section 20-139.1(e), which is at issue in this case. The *Smith* court did, however, recognize the reliability and accuracy of current blood alcohol testing methods, which is the basis for our determination that the record produced by the machine is sufficient to meet the requirements set out in G.S. section 20-139.1(e). *Smith*, 312 N.C. at 372-73, 323 S.E.2d at 322-23.

[4] Defendant also argues that the breathalyzer results should have been suppressed because Trooper Deans failed to provide him with a copy of his breathalyzer rights as required by N.C. Gen. Stat. section 20-16.2(a). This argument has no merit because the record contains evidence that the officer did provide defendant with a copy of his rights prior to reading them. On direct examination Officer Deans testified:

> Q: Okay. Would you explain and demonstrate to the jury how you informed the defendant of those rights?
>
> A: I give the defendant a copy of the rights before reading, reading him his rights, and I tell him if he wants to read along with me that's fine, but I am going to read his rights out loud to him.

On cross examination, he confirmed:

> Q: And you also gave him a copy to read along with you while you were reading those to him, correct?
>
> A: That's correct.

[5] Finally in support of his motion to suppress, defendant argues that the State did not present sufficient evidence of instrument calibration under N.C. Admin. Code tit. 15A, r. 19B.0320(5) (April 1993) and N.C. Admin. Code tit. 15A, r. 19B.0101(9) (January 1990). We disagree.

N.C.A.C. 19B.0320(5) provides that when using the Intoxilyzer Model 5000 the person administering the test must "verify instrument calibration." At trial, Trooper Deans testified that as part of his preparation of the machine he "insured that the instrument calibration checked out accurately." Defendant argues that this testimony is insufficient because it does not provide the details set forth in the definition of "verify instrument calibration" found in N.C.A.C. 19B.0101(9).

We hold that because Trooper Deans' testimony demonstrated that calibration was verified, it showed that he sufficiently complied with the requirements set forth in N.C.A.C. 19B.0320. On cross-examination the defendant had an opportunity to question Trooper Deans regarding the specifics of his instrument calibration, which defendant failed to do. This argument is meritless and defendant's motion to suppress the results of the chemical analysis was properly denied.

Finally, defendant contends that the trial court erred in denying his motions to dismiss at the close of the State's evidence and at the close of all evidence. He bases this contention on two grounds. First, he argues that absent the chemical analysis results, the State failed to produce substantial evidence of his impairment. However, since we have found the results of defendant's intoxilyzer test properly admitted, we see no need to address this argument.

[6] Second, defendant argues that since Trooper Deans testified that the events in question happened on the 25th of June when they really happened on the 5th of June, there is a fatal variance which should result in granting his motion to dismiss. We disagree. Although Trooper Deans did testify that the events in question happened on a different day, defendant testified that the events described by Trooper Deans occurred on 5 June 1993. We therefore hold that this mistake on the part of the officer was just that and not a fatal variance as alleged by defendant. Defendant's motions to dismiss were properly denied.

No error.

Chief Judge ARNOLD and Judge WALKER concur.