STATE v. ABDEREAZEQ

[122 N.C. App. 727 (1996)]

STATE OF NORTH CAROLINA, APPELLANT, v. SHELIA ABDEREAZE, MACK ARTHUR BOOTH, WILLIAM MICHAEL BRINSON, MICHAEL WAYNE BUNN, KENNETH T. CARTER, TYRONNE ANTHONY CAUDLE, ALLENE COGSWELL, JAMES ED COOPER, ROBERT LEE CYRUS, RODNEY ROMBRA EVANS, MARGARET NORFLEET FAISON, ALLEN PERRIE GAY, JOSEPH A. GRIFFIN, CARLTON MOODY HARRIS, SR., CLINTON LEE HARMON, CALVIN LEE HILL, KELLY LORENZA HINES, MICHAEL LLOYD HOPKINS, PAUL RAY HUGHES, JAMES ALLEN HUNT, TYRONE CLEOPAS JAMES, JERRY JOHNSON, NICOLETTE JOHNSON, ROY JONES, TIMOTHY SCOTT JONES, CHARLES EARL LEWIS, CHARLIE JUNIOR LEWIS, SHELTON KELSEY LILES, JULIUS THOMAS LITTLE, DAVID TIMOTHY LOCKE, WILSON JUNIOUS LYNCH, MILTON AURLANDER LYONS, DANIEL E. McCOLLOUGH, SANDRA WEBB MCKINSEY, JERYL MCWILLIAMS, CAROLYN JEAN MILLS, DENNIS EARL MILLS, IVA NORVESTER PAYTON, DEXTER PITTMAN, JAMES QUINTON PITTMAN, PAUL PRICE III, RICKY LEE ROOK, JOHN BRENT SAPP, BENJAMIN SILVER, ENOCH SILVER, JR., CARLTON F. SMALL, RICKEY ALSTON SPRAGLEY, JOHN ALBERT STALLINGS, DEBRA JEAN STANLEY, JAMES LEROY STATON, JAMES LEROY STATON, ANDREW LEANDER TAYLOR, NATHANIEL THORPE, JR., ELLIS CRAIG VAUGHAN, BENJAMIN WEAVER, BRUCE GRAHAM WEST, JR., JIMMIE DEE WHITFIELD, MICHAEL DEARINE WIGGINS, DEBORAH ANN ZAZZARETTI, DEFENDANT-APPELLEES

No. COA95-1149

(Filed 18 June 1996)

**Evidence and Witnesses § 1831 (NCI4th)— DWI defendant informed of rights by charging officer—results admissible**

N.C.G.S. § 20-16.2(a) does not require an officer other than the charging officer to advise defendants of their statutory rights in order for the State to admit into evidence at the criminal prosecution for DWI the results of, or refusal to submit to, chemical analysis.

**Am Jur 2d, Automobiles and Highway Traffic § 305.**

**Admissibility in criminal case of blood-alcohol test where blood was taken despite defendant's objection or refusal to submit to test. 14 ALR4th 690.**

**Admissibility in criminal case of evidence that accused refused to take test of intoxication. 26 ALR4th 1112.**

**Driving while intoxicated: subsequent consent to sobriety test as affecting initial refusal. 28 ALR5th 459.**

STATE v. ABDEREAZEQ

[122 N.C. App. 727 (1996)]

Appeal by State from orders entered 22 May 1995 by Judge Richard B. Allsbrook in Halifax County Superior Court. Heard in the Court of Appeals 16 May 1996.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Hux, Livermon & Armstrong, L.L.P., by James S. Livermon, Jr., for defendant-appellees.*

MARTIN, Mark D., Judge.

The State of North Carolina appeals from the trial court's orders granting defendants' motions to suppress the results of their intoxilyzer tests, or their refusal to submit to chemical analysis.

In each of the cases the parties stipulated to the following pertinent facts:

1. The charging officer . . . observed the defendant operating a motor vehicle on a public highway . . . .

2. The charging officer had reasonable grounds to believe that defendant had committed an implied consent offense.

3. Defendant was arrested . . . by the charging officer for an implied consent offense.

4. Charging officer transported defendant to a breathalyzer or intoxilyzer room for the purpose of requesting [defendant] to submit to a chemical analysis of his breath.

5. The charging officer advised defendant of his rights enumerated in G.S. 20-16.2(a).

6. The charging officer is a certified chemical analyst in accordance with G.S. 20-139.1.

7. The charging officer requested defendant to submit to a chemical analysis of his breath.

. . . .

Fifty defendants submitted to chemical analysis, while nine defendants refused chemical analysis. It is also stipulated that those defendants who submitted to chemical analysis were tested by the Intoxilyzer Model 5000.

**STATE v. ABDEREAZEQ**

[122 N.C. App. 727 (1996)]

Defendants moved to suppress either the results of, or the refusal to submit to, chemical analysis on the grounds a chemical analyst, other than the charging officer, did not advise defendants of their statutory rights under N.C. Gen. Stat. § 20-16.2(a) (1993) (statutory rights). The trial court granted the motions to suppress.

The sole issue on appeal is whether N.C. Gen. Stat. § 20-16.2(a) requires an officer, other than the charging officer, to advise defendants of their statutory rights in order for the State to admit into evidence, at the criminal prosecution for driving while impaired (DWI), the results of, or refusal to submit to, chemical analysis.

At the outset we note defendants ground their motions to dismiss solely on an alleged procedural defect in the notification of their statutory rights. This alleged procedural defect occurred, if at all, prior to the time defendants elected whether or not to submit to chemical analysis. It follows therefore that the factual distinction between the defendants who submitted to chemical analysis and those who refused such analysis is without legal consequence to the resolution of the present issue.

Section 20-16.2(a), as defendants contend, governs the procedures for notifying a person charged with an implied consent offense of their statutory rights with respect to chemical analysis. *State v. Oliver*, No. 378PA95, slip op. at 13 (N.C. Supreme Court May 10, 1996); *Nicholson v. Killens*, 116 N.C. App. 473, 478, 448 S.E.2d 542, 544-545 (1994), *supersedeas and disc. review denied*, 339 N.C. 614, 454 S.E.2d 256 (1995). Indeed, the Supreme Court recently considered whether section 20-16.2(a) mandates suppression of the results of a defendant's Intoxilyzer 5000 test where the arresting officer, rather than another officer, informed defendant of his statutory rights. *See Oliver*, No. 378PA95, slip op. at 11-16. See also *Bivens v. Cottle*, 120 N.C. App. 467, 468, 462 S.E.2d 829, 830 (1995) (judicial decision is presumed to apply retroactively, especially where it clarifies an area of the law), *disc. review allowed*, 342 N.C. 651, 467 S.E.2d 898 (1996).

In *Oliver*, the charging officer, a certified chemical analyst, advised defendant of his rights as provided under section 20-16.2(a). *Oliver*, No. 378PA95, slip op. at 2. Defendant submitted to chemical analysis of his breath by an Intoxilyzer 5000 which established his alcohol concentration was 0.08. *Id.* At trial, defendant filed a motion to suppress the result of the Intoxilyzer 5000 test on the ground the charging officer, rather than another officer, advised defendant of his rights under section 20-16.2(a). *Oliver*, No. 378PA95, slip op. at 2-3.

The Supreme Court, construing section 20-16.2(a), concluded "that the legislature intended to permit a qualified arresting officer to notify defendant of his rights, orally and in writing, regarding a chemical analysis of the breath . . . ." *Oliver*, No. 378PA95, slip op. at 15. "Indeed, logic dictates that if an arresting officer is duly qualified and authorized to administer a chemical analysis of the breath, such arresting officer should also be duly qualified to notify defendant of his rights regarding that test, and a defendant's rights cannot be impaired by such notification." *Id.*

Likewise, in the present case, the charging officers, each certified chemical analysts, advised the defendants of their statutory rights. Therefore, under *Oliver*, we find no procedural defect in the notification defendants received regarding their statutory rights. Accordingly, we reverse the trial court's orders granting defendants' motions to suppress and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges JOHNSON and LEWIS concur.