An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1370
NORTH CAROLINA COURT OF APPEALS

Filed:  3 June 2014

STATE OF NORTH CAROLINA

   v.                                    Guilford County
                                         No. 11 CRS 95540
MEGHAN JULIA VALENTINE


Appeal by defendant from judgment entered 25 April 2013 by Judge David L. Hall in Guilford County Superior Court.  Heard in the Court of Appeals 19 March 2014.

> *Roy Cooper, Attorney General, by Joseph L. Hyde, Assistant Attorney General, for the State.*

> *Culbertson & Associates, by K.E. Krispen Culbertson, for defendant-appellant.*


DAVIS, Judge.


Meghan Julia Valentine ("Defendant") appeals from the order denying her motion to suppress and the judgment convicting her of driving while impaired ("DWI").  On appeal, she contends that the trial court erred in denying her motion to suppress all evidence obtained pursuant to her traffic stop.  After careful

review, we affirm the trial court's order denying Defendant's motion to suppress.

## Factual Background

On the night of 11 December 2012, Defendant was drinking at Stokeridge Tavern Bar and Grill. After having "four beers and a shot," Defendant left the tavern and proceeded southbound on Highway 68. Sergeant Steven Parr ("Sergeant Parr") of the Guilford County Sheriff's Department was also traveling southbound on Highway 68 while on patrol. Highway 68 is a two-lane highway with a posted speed limit of 50 miles per hour.

At 11:35 p.m., Sergeant Parr encountered Defendant south of the intersection of Highway 68 and Oak Ridge Road where a number of drinking establishments are located, including Stokeridge Tavern. After following Defendant for two miles, Sergeant Parr observed Defendant's vehicle weaving within her lane of travel at speeds varying between 40 to 60 miles per hour and began following her. Sergeant Parr was able to position his vehicle directly behind Defendant's vehicle at the intersection of Highway 68 and Alcorn Road. While stopped at the intersection, Sergeant Parr ran the license plate number of Defendant's vehicle through his computer. He learned that the vehicle was owned by a female who had a North Carolina identification card

but did not possess a valid North Carolina driver's license. Sergeant Parr was able to see inside Defendant's vehicle and determine that the driver was, in fact, female.

Sergeant Parr activated his blue lights and proceeded to pull over Defendant's vehicle based on his observations of her driving and the information he had received from the computer search. Sergeant Parr proceeded to charge her with driving while impaired. On 29 August 2012, Defendant was tried and convicted of driving while impaired in Guilford County District Court. She appealed her conviction to Guilford County Superior Court and filed a motion to suppress all evidence obtained during the traffic stop based on her contention that Sergeant Parr lacked reasonable suspicion to stop her vehicle.

At the conclusion of the suppression hearing, the superior court denied Defendant's motion by order dated 23 April 2013. Defendant entered an *Alford* plea, reserving her right to appeal from the superior court's denial of her motion to suppress. The trial court entered a suspended sentence of 60 days imprisonment and placed Defendant on 24 months of unsupervised probation. Defendant appealed to this Court.

**Analysis**

Defendant's sole argument on appeal is that the trial court erred in denying her motion to suppress. She contends that Sergeant Parr lacked reasonable suspicion to make an investigatory stop of her vehicle. We disagree.

Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke,* 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982).

We first observe that Defendant did not challenge any of the findings of fact made in the trial court's order denying her motion to suppress. Therefore, the trial court's factual findings are binding on appeal. *State v. Roberson,* 163 N.C. App. 129, 132, 592 S.E.2d 733, 735-36, *disc. review denied,* 358 N.C. 240, 594 S.E.2d 199 (2004). These findings stated as follows:

> That Sgt. S. G. Parr has over twenty three years of experience in law enforcement and has extensive training and experience in traffic enforcement and estimating speed;
>
> On December 11, 2011 Sgt. Parr was on routine patrol in the area of Highway 68 in Guilford County;

At approximately 11:35 p.m., the defendant, who was driving southbound on North Carolina 68, drew his attention;

Sgt. Parr observed that the defendant was weaving within her lane of travel and that she failed to maintain a constant speed;

That defendant's car varied in speed from 40 mph to 60 mph and the speed limit on NC 68 is 50 mph;

Sgt. Parr noted that there were restaurants and bars in the nearby area that were open and served alcoholic beverages;

When Sgt. Parr was able to, he ran the vehicle's tag number and it showed the registered owner was a female who only had an ID card issued by the North Carolina Department of Motor Vehicles;

The driver of the vehicle appeared to be a female;

That Sgt. Parr followed the defendant for approximately two miles and would have stopped her earlier, but for the narrowness of the road in that area and concerns for his own safety, as well as the defendant's;

That the defendant testified that she was coming from Stoke Ridge [sic] Tavern and Grill and had four beers and a shot an hour before being stopped by Sgt. Parr[.]

After making these findings of fact, the trial court made the following conclusion of law:

Based upon the foregoing Findings of Fact, the defendant's Motion to Suppress is denied. The Court concludes as a matter of

> law that under the totality of the circumstances, Sgt. Parr had a reasonable and articulable suspicion to stop the defendant.

An officer must have a reasonable suspicion of criminal activity before conducting an investigatory stop of a vehicle. *State v. McArn*, 159 N.C. App. 209, 212, 582 S.E.2d 371, 374 (2003). Such reasonable suspicion must "be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training." *State v. Watkins*, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994). "Factors supporting reasonable suspicion are not to be viewed in isolation." *State v. Campbell*, 188 N.C. App. 701, 706, 656 S.E.2d 721, 725, *appeal dismissed*, 362 N.C. 364, 664 S.E.2d 311 (2008). Rather, a court "must consider the totality of the circumstances — the whole picture in determining whether a reasonable suspicion exists." *State v. Styles,* 362 N.C. 412, 414, 665 S.E.2d 438, 440 (2008) (citations and quotation marks omitted).

Defendant argues that Sergeant Parr's observation of her vehicle weaving within her lane of travel was not sufficient to establish reasonable suspicion to perform a lawful traffic stop. We have previously held that an officer's observation of such

weaving, in conjunction with other factors, can create reasonable suspicion so as to justify an investigatory stop. *State v. Derbyshire*, ___ N.C. App. ___, ___, 745 S.E.2d 886, 893 (2013), *disc. review denied*, ___ N.C. ___, 753 S.E.2d 785 (2014). These additional factors may include, for example, traveling at an unusual hour or driving in an area with drinking establishments in close proximity. *Id.* at ___, 745 S.E.2d at 891; *see State v. Watson*, 122 N.C. App. 596, 598-600, 472 S.E.2d 28, 29-30 (1996) (holding that reasonable suspicion existed to justify stop when defendant was weaving back and forth within his lane for 15 seconds at 2:30 a.m. on road near nightclub); *see also State v. Jacobs*, 162 N.C. App. 251, 255, 590 S.E.2d 437, 441 (2004) (holding that defendant's weaving within his lane at 1:43 a.m. coupled with fact that he was in area close to bars was sufficient to establish reasonable suspicion to initiate traffic stop).

Our Supreme Court recently addressed a similar issue in *State v. Otto*, 366 N.C. 134, 726 S.E.2d 824 (2012). In *Otto*, the Supreme Court held that a state trooper's personal observation of a vehicle weaving constantly within its lane of travel for three-quarters of a mile while traveling at the posted speed limit of 55 miles per hour at 11:00 p.m. on a

Friday night established reasonable and articulable suspicion sufficient to initiate a traffic stop. *Id*. at 138, 726 S.E.2d at 828.

In the present case, Sergeant Parr observed Defendant's vehicle weaving back and forth in her lane at varying speeds (some of which were in excess of the posted speed limit) close to midnight in an area with establishments that served alcohol in close proximity. Based on the totality of the circumstances, we are satisfied that reasonable suspicion existed to support Sergeant Parr's stop of Defendant's vehicle. As such, Defendant's motion to suppress was properly denied.

## Conclusion

For the reasons stated above, the trial court's order denying Defendant's motion to suppress is affirmed.

AFFIRMED.

Judges ELMORE and McCULLOUGH concur.

Report per Rule 30(e).