DILLON, Judge.
Aron Harper ("Defendant") was arrested for driving while impaired. While at the police station, a chemical analysis of Defendant's breath was performed indicating that he had a blood alcohol concentration in excess of the legal limit. Defendant was then escorted to a magistrate who entered a civilrevocation order, temporarily revoking his drivers' license for thirty (30) days.
Defendant was also criminallycharged with driving while impaired. Defendant filed various motions in connection with this criminal charge, including a motion to suppress the results of the chemical analysis. A district court judge entered an order preliminarily determining that he would grant Defendant's motion to suppress. After a de novorehearing, a superior court judge entered an order affirming the district court's preliminary determination, directing the district court to grant the motion to suppress, and remanding the case to the district court. The State filed a petition with this Court for certiorari,which was granted.
I. Standard of Review
"Our review of a superior court's order granting a motion to suppress is limited to whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." State v. Osterhoudt,222 N.C.App. 620, 626, 731 S.E.2d 454, 458 (2012) (internal marks omitted). "Any unchallenged findings of fact are deemed to be supported by competent evidence and are binding on appeal. The trial court's conclusions of law must be legally correct, reflecting a correct application of legal principles to the facts found." Id.(internal marks and citation omitted).
II. Analysis
A. The Trial Court Erred In Its Reasoning
In affirming the district court ruling, the superior court concluded that the breath results which indicated that Defendant's alcohol concentration was above the legal limit must be suppressed becausethe chemical analyst who performed the test failed to fill in one of the blanks on his "Affidavit & Revocation Report of Chemical Analyst" form (the "Analyst's Affidavit"). The State contends that the court erred in suppressing the results on this basis because the State also presented evidence in the form of the analyst's live testimony, wherein the analyst provided the information he inadvertently omitted in his Analyst's Affidavit. We agree.
"To prove guilt [for driving while impaired], the State need only show that [the] defendant had an alcohol concentration of .08 or more while driving a vehicle on a State highway." State v. Arrington,215 N.C.App. 161, 165, 714 S.E.2d 777, 780 (2011).
Our General Assembly has provided that the State can prove that a defendant had an alcohol concentration above the legal limit through the results of a chemical analysis of the defendant's breath if(1) the analysis "is performed in accordance with the rules of the Department of Health and Human Services" ("DHHS"); and (2) the analyst has a permit from DHHS "authorizing the person to perform [the] test[.]" N.C. Gen.Stat. § 20-139.1(b) (2012). See State v.. Phillips,127 N.C.App. 391, 394, 489 S.E.2d 890, 892 (1997) ("Once the trial court determined that the chemical analysis of defendant's breath was valid, then the reading constituted reliable evidence").
In the present case, the trial court found that DHHS protocol was followed in performing the analysis and that the analyst held a permit issued by DHHS. These findings are supported by competent evidence, which included the Analyst Affidavit and the testimony of the analyst. Accordingly, the results from the analysis of Defendant's breath indicating an alcohol concentration in excess of the legal limit should have been admitted.
The trial court's conclusion that the evidence should be suppressed appears to have been based on a mistaken belief that a chemical analysis is inadmissible unless the analyst indicates on the Analyst Affidavit formthe time he or she began observing the subject driver prior to taking said driver's breath samples. Though, here, the analyst checked the box on the form indicating that he had observed Defendant in compliance with DHHS protocol, he failed to fill in the space on the form indicating the time he began observing Defendant, leaving the space blank. In other words, there was no information on the Analyst Affidavitto indicate that the analyst observed Defendant for the requisite amount of time prior to collecting the breath samples. The trial court, therefore, apparently believed that it was required to suppress the results of Defendant's breath test because of this omission on the form, even thoughthe State presented evidence in the form of the analyst's live testimony and the test ticket printouts on DHHS form 4082, produced by the Intoximeter, Model Intox, EC/ER II device used to conduct the chemical analysis, where Defendant's blood alcohol concentration was recorded at .15.
Defendant relies on our Supreme Court's decision in Lee v. Gore,365 N.C. 227, 717 S.E.2d 356 (2011). However, that case is distinguishable. In Lee,the Supreme Court was interpreting the requirements of N.C. Gen.Stat. § 20-16.2, which empowers the Division of Motor Vehicles ("DMV") to revoke a license only upon receipt of a "properly executed affidavit." Id.at 233, 717 S . E.2d at 360-61. The Court held that DMV was without statutory authority to initiate a civildrivers' license revocation proceeding under N.C. Gen.Stat. § 20-16.2 unless the prerequisites to its authority to do so in subsection (c1) of the statute were first met. Id.Where the affiant omitted information that the driver had willfully refused to submit to a chemical analysis, as required by subsection (c1), the Court concluded that DMV lacked the authority to revoke the respondent's license. Id.
The present case, however, involves a criminalprosecution. Whereas N.C. Gen.Stat. § 20-16.2 conditions DMV's authority to initiate civilrevocation proceedings on the existence of a "properly executed affidavit," a trial court in a criminal proceeding can certainly rely on other forms of evidence in addition to the affidavit of the analyst. Accordingly, Defendant's reliance on Leeis misplaced.
B. Defendant's Alternate Grounds
Defendant asserts alternate grounds in support of his position. Rule 28 of the North Carolina Rules of Appellate Procedure states that "an appellee may present issues on appeal based on any action or omission of the trial court that deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken." N.C. R.App. P. 28(c). Thus, the issues an appellee may argue on appeal are not limited to those issues listed in the record on appeal. See id.Rule 28(c) expressly permits an appellee to raise in its brief an alternate basis in law in support of the order from which appeal is taken. Id.Accordingly, we review the alternative legal bases offered in support of the superior court's order.
Defendant argues as an alternate basis that the trial court's motion to suppress was proper because-apart from the fact that the analyst did not properly fill out the Analyst's Affidavit form-the evidence showed that he did not follow DHHS protocol with respect to the observation period. SeeN.C. Gen.Stat. § 20-139.1(b)(1) (2012) (chemical analysis must be performed in accordance with DHHS regulations); 10A N.C.A.C. 41B.0101(6) (2012) (defining "observation period" as one "during which ... the person ... has not ingested alcohol or other fluids, regurgitated, vomited, eaten, or smoked in the 15 minutes immediately prior to the collection of a breath specimen."). Specifically, Defendant contends that the analyst failed to restart the observation period when Defendant coughed up and cleared his throat, as required. Indeed, the evidence shows that a mouth alcohol reading was reflected in the analysis. However, the evidence also shows that the analyst did initiate a new observation period after this initial mouth alcohol reading, over two times the duration of the time required by DHHS protocol, before taking the two breath samples which form the basis of the evidence against Defendant. Accordingly, this argument is overruled.
Defendant also argues as an alternate basis that the State's criminal prosecution is subjecting Defendant to double jeopardy because he has already been subject to a civil revocation for the same offense. However, we have already held that a license revocation resulting from a conviction for driving while impaired does not violate the constitutional guarantee against double jeopardy where the defendant's license has already been subject to immediate revocation under N.C. Gen.Stat. § 20-16.5. State v. Hinchman,192 N.C.App. 657, 666, 666 S.E.2d 199, 204-05 (2008). Moreover, we have also held that a license revocation resulting from a conviction for driving while impaired does not violate the constitutional guarantee against double jeopardy where the defendant's license has also been subject to revocation under N.C. Gen.Stat. § 20-16.2 for the same conduct. Ferguson v. Killens,129 N.C.App. 131, 139-40, 497 S.E.2d 722, 726-27 (1998). Accordingly, this argument is overruled.
Defendant next argues as an alternate basis that the trial court had the inherent authority to suppress the test results based on the alleged defect in the Analyst's Affidavit form. However, N.C. Gen.Stat. § 20-139.1(a) provides that "a person's alcohol concentration ... as shown by a chemical analysis is admissible" in a prosecution for an implied-consent offense, and our Supreme Court has recognized that the results of such analysis are "crucial to a conviction." State v. Smith,312 N.C. 361, 374, 323 S.E.2d 316, 323 (1984). Therefore, we hold that the trial court did not have inherent authority to suppress this evidence where there was no legal basis for excluding it. Accordingly, this argument is overruled.
Defendant next argues as an alternate basis that the trial court correctly concluded that the evidence should be suppressed because the State did not show that there were reasonable grounds to believe he had committed an implied-consent offense. However, as noted previously, the requirements of the civil drivers' license revocations authorized by N.C. Gen.Stat. §§ 20-16.2 and -16.5 are distinct from the procedures governing criminal prosecutions for implied-consent offenses. See, e.g., Nicholson v. Killens,116 N.C.App. 473, 477, 448 S.E.2d 542, 544 (1994). Under N.C. Gen.Stat. § 20-139.1, which governs chemical analysis and its admissibility in criminalprosecutions for driving while impaired, there is no requirement that the State demonstrate that reasonable grounds existed to believe the defendant committed an implied-consent offense as a foundational prerequisite to the admissibility of breath test results obtained as the result of a traffic stop. Instead, "[t]he results of a chemical analysis shall be deemed sufficient evidence to prove a person's blood alcohol concentration." N.C. Gen.Stat. § 20-139.1(b) (2012). Therefore, we hold that the State was not required to show that there were reasonable grounds to believe Defendant had committed an implied-consent offense before introducing this evidence. Accordingly, this argument is overruled.
C. Defendant's Arguments Pertaining to the Immediate Civil Revocation Are Not Properly Before This Court
Defendant makes a number of arguments which pertain to the immediate civil revocation of his license by the magistrate on the night of his arrest. For instance, he argues that the magistrate lacked the authority to revoke his license because of the omission in the Analyst's Affidavit, and that the revocation violated his procedural due process rights. However, as our Supreme Court has held, the civil revocation of a license and the suspension or revocation which results from a plea or finding of guilty in a criminal prosecution "are separate and distinct revocations." Joyner v. Garrett,279 N.C. 226, 238, 182 S.E.2d 553, 561 (1971). Defendant's immediate civil revocation of his license by the magistrate is not appealable to this Court. N.C. Gen.Stat. § 20-16.5(g) (2012) ("The decision of the judicial official is final and may not be appealed"). There is no right to immediate appeal to our Court from Defendant's civil revocation by DMV either. Id.§ 20-16.2(e) ("[T]he person whose license has been revoked has the right to file a petition in the superior court"); Johnson v. Robertson,---N.C.App. ----, ----, 742 S.E.2d 603, 607 (2013) ("[O]n appeal ..., the superior court sits as an appellate court"). Rather, the only issues before this Court on issuance of the writ of certioraripertain to the criminal charge against Defendant. Accordingly, we do not consider these arguments.
III. Conclusion
We reverse the trial court's conclusion that the breath results should be suppressed and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Judges STROUD and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by State from order entered 5 June 2014 by Judge Alma Hinton in Pitt County Superior Court. Heard in the Court of Appeals 19 March 2015.