THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WAYNE A. DECKER, Defendant-Appellee.

Third District No. 3—88—0077

Opinion filed April 12, 1989.

Gordon L. Lustfeldt, State's Attorney, of Watseka (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ronald E. Boyer, of Boyer & Thompson, Ltd., of Watseka, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Wayne A. Decker, was arrested for driving under

the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)). His driver's license was summarily suspended after a blood test revealed that his blood-alcohol content was .168. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(e).) The defendant subsequently filed a petition to rescind the statutory suspension, alleging among other matters that the arresting officer had not had reasonable grounds to stop his vehicle. The trial court granted his petition. The State appeals.

At the hearing on the petition, Iroquois County sheriff's deputy Robert Williams testified that on October 31, 1987, at approximately 1:50 a.m., he was proceeding westbound on Route 24 between Watseka and Crescent City when he first observed the defendant's vehicle. Williams stated that he followed the vehicle for three miles but was not close enough to observe the defendant's driving until he reached Crescent City, where he observed the vehicle consistently weaving within its lane. He further testified that the vehicle crossed the center line at one point and that it twice crossed the white line on the right edge of the road. Williams admitted that there was no other traffic on the two-lane highway when he made his observations.

The defendant testified that he had not crossed the center line or gone off the road at any time during his drive from Watseka to Crescent City. He also testified that he had not exceeded the speed limit or violated any other law during his trip.

In granting the defendant's petition to rescind, the trial court noted that crossing the center line did not constitute an illegal act without a showing that the defendant created a hazard. The trial court also noted that Deputy Williams had not mentioned on the summary suspension form that the defendant was weaving.

On appeal, the State argues that the trial court erred in granting the defendant's petition to rescind. The State contends that the trial court erroneously applied a "probable cause" standard instead of a "reasonable grounds" standard in assessing the validity of the stop. The State further argues that the trial court erroneously based its decision on the fact that the defendant's conduct did not constitute illegal lane usage.

 In an action for rescission of a summary suspension in which a motorist is challenging the suspension based on an illegal stop, the burden of proof is on the motorist. (See *People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210; *People v. Truman* (1986), 144 Ill. App. 3d 498, 494 N.E.2d 1210.) The correct standard to be applied in ascertaining whether an investigative stop is justified is not

probable cause to arrest or search, but rather a less exacting standard. (*People v. Repp* (1988), 165 Ill. App. 3d 90, 518 N.E.2d 750.) To stop an automobile, a police officer must have an articulable and reasonable suspicion that the motorist is unlicensed, that the automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of a law. (*Delaware v. Prouse* (1979), 440 U.S. 648, 59 L. Ed. 2d 660, 99 S. Ct. 1391.) This is the "reasonable grounds" test. (*People v. Collins* (1987), 154 Ill. App. 3d 149, 506 N.E.2d 963.) Erratic driving, such as weaving across a roadway or even weaving within a lane, may provide a sufficient basis for an investigative stop of a motor vehicle. *People v. Loucks* (1985), 135 Ill. App. 3d 530, 481 N.E.2d 1086.

The instant defendant testified at his hearing that he did not go out of his lane or violate any traffic laws at the time in question. The trial judge noted that although Deputy Williams testified that the defendant was weaving, there was nothing to indicate that this was his observation at the time of the incident. It appears from the record that the trial judge believed and relied on the defendant's testimony and disbelieved and discounted the officer's testimony. The trial court was not bound to believe any allegations regarding the alleged weaving incident not listed by the deputy on the summary suspension form. (*Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 347 N.E.2d 278.) Further, it was the trial court's function as the trier of fact to determine the credibility of the witnesses, the weight to be accorded their testimony, and the inferences to be drawn from the evidence. (*People v. Jackson* (1987), 161 Ill. App. 3d 573, 515 N.E.2d 219.) Whether the defendant met his burden of proof was a question of fact to be determined by the trial judge. (*People v. Griffith* (1987), 153 Ill. App. 3d 856, 506 N.E.2d 430.) A reviewing court will not disturb the trial court's finding on a petition to rescind unless that finding was manifestly erroneous. *People v. Repp* (1988), 165 Ill. App. 3d 90, 518 N.E.2d 750.

The instant trial judge could have properly concluded from the evidence that the defendant's nonhazardous, momentary crossing of the center line was not reasonable grounds for a stop. Motorists often prudently cross into the oncoming lane to avoid obstacles in their lane. Further, it is insignificant that the court mistakenly used the term "probable cause" in its oral pronouncement granting the defendant's petition, since it is clear from the record that the court actually applied the proper "reasonable grounds" test. In view of the fact that the trial court had the responsibility of weighing the testimony and assessing the credibility of the witnesses, we cannot say

that its finding was manifestly erroneous based on the record before us.

Accordingly, we affirm the judgment of the circuit court of Iroquois County.

Affirmed.

WOMBACHER, P.J., and SCOTT, J., concur.