THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v.
TODD S. REUSCH, Defendant-Appellant.

Third District   No. 3—90—0457

Opinion filed March 6, 1991.

David E. Zwicker, of Aledo, for appellant.

Michael J. Herr, State's Attorney, of Aledo (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

The defendant, Todd S. Reusch, filed a petition to rescind the statutory summary suspension of his driver's license, alleging that the arresting officer had not had reasonable grounds to stop his vehicle.

He also filed a motion to quash arrest and suppress evidence. Following a combined hearing, the trial court denied the petition to rescind and the motion. The defendant appeals. We reverse.

The defendant and the State agreed to the following statement of facts. At the hearing, the defendant testified that in the early morning hours of April 8, 1990, he and a friend were driving along a rural road. His friend was asleep at the time. The defendant explained that he pulled off the road to urinate. He then got back in his car and had driven another 20 to 50 yards when he saw the red and blue Mars lights of a police car behind him. After the defendant stopped, the officer approached his car. The defendant rolled down his window and handed the officer his license. The officer told the defendant that he had seen his car stopped and thought he was having car trouble. The defendant informed the officer that he was not having any car trouble as evidenced by the fact that he had driven away after stopping.

The officer subsequently informed the defendant that he had seen a "wet spot" and thought he should investigate. The defendant noted, however, that it was dark at the time and there were no streetlights or other lighting in the vicinity. The defendant further stated that there were no signs prohibiting stopping on the roadway nor was there any oncoming traffic when he initially stopped. Moreover, he testified that he was not speeding or driving erratically when he saw the flashing lights of the police car. He noted that he was licensed to drive and the car was properly registered.

The police officer issued the defendant a citation for driving under the influence of alcohol (Ill. Rev. Stat. 1989, ch. 95½, par. 11–501(a)(2)). In the officer's sworn report, he stated that he had to turn the vehicle's motor off and shake the defendant to get his identification. The officer further noted that he detected a strong odor of alcohol.

The defendant's friend testified that he was sleeping in the front passenger seat when he was awakened by a police officer shaking his left arm. The friend stated that the officer then turned the car off.

At the close of the defendant's evidence, the State moved for a directed finding. The defendant responded that he had met his burden of establishing a *prima facie* case for rescission and that the burden had therefore shifted to the State. The trial court agreed and denied the State's motion. The court found, however, that the officer had had "probable cause" to stop the defendant because he believed the defendant was having car trouble.

The defendant's attorney then began arguing that the statutory summary suspension should be rescinded because the officer had not

had reasonable grounds to make the initial stop. The trial court subsequently reversed its earlier ruling and granted the State's motion for a directed verdict. In so doing, it denied the defendant's motions to quash the arrest and suppress evidence, finding that the officer had had probable cause to make the stop.

The defendant argues on appeal that the trial court erred in finding that the officer had probable cause to make the traffic stop and, accordingly, that the court erred in failing to grant his motion and petition.

■■ ■ The correct standard to be applied in ascertaining whether an investigatory stop is justified is not the constitutional requirement of probable cause to arrest or search but the less exacting test of whether the officer had a reasonable, articulable suspicion of criminal activity to warrant the stop. (*People v. Repp* (1988), 165 Ill. App. 3d 90, 518 N.E.2d 750.) To make an investigatory stop of an automobile, a police officer must have an articulable suspicion that the motorist is unlicensed, that the automobile is not registered or that either the vehicle or an occupant is otherwise subject to seizure for violation of the law. *People v. Decker* (1989), 181 Ill. App. 3d 427, 430, 537 N.E.2d 386, 387.

In the instant case, the defendant testified that he pulled off to the side of the road to urinate. He then got back in his car and drove another 20 to 50 yards. He stated that he was not speeding or driving erratically. His driver's license was valid and the car was properly registered. He was nonetheless stopped by the police officer because the officer believed he was having car trouble.

■■ Based on these facts, the trial court found that the officer had probable cause to make the traffic stop. We find that this holding is against the manifest weight of the evidence and we reverse. There was no articulable suspicion that the defendant was unlicensed, that the vehicle was not registered or that the vehicle or an occupant therein was subject to seizure for violation of the law.

Accordingly, the decision of the circuit court of Mercer County as to the defendant's motion to quash arrest and suppress evidence is reversed. As the underlying arrest is dismissed, we find that the defendant's petition also should have been granted.

Reversed.

STOUDER, P.J., and BARRY, J., concur.