THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EUSTACIO DIAZ, Defendant-Appellant.

Second District   No. 2—92—0391

Opinion filed July 29, 1993.

Donald J. Ramsell, of Ramsell & Associates, and Ricardo J. Bird and David Sotomayor, both of Sotomayor & Bird, P.C., both of Wheaton, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Eustacio Diaz, appeals the order of the circuit court of Du Page County confirming the statutory summary suspension of his driver's license. Defendant contends that the court erred in finding

that the arresting officer had reasonable grounds to stop defendant's car and in finding that the breath test defendant took complied with the 20-minute waiting period required by the Department of Public Health (Department) standards. We affirm.

Defendant was arrested and charged with driving under the influence of alcohol (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501 (now 625 ILCS 5/11—501 (West 1992))) and was given notice of the statutory summary suspension of his driver's license. Defendant filed a petition to revoke the summary suspension, raising two issues: whether the officer had reasonable grounds to stop defendant's car and whether defendant's breath test complied with the Department standards.

On March 9, 1992, the court conducted a hearing on defendant's petition. The only witnesses at the hearing were officers Donald Yates and Dominic Bellini of the Glen Ellyn police department.

Yates testified that on December 5, 1991, he made a traffic stop on Main Street just south of Geneva Road. As he finished the traffic stop, an unknown citizen pulled up behind him and said that a man "had just come from the White Hen *** had been getting rowdy, was intoxicated and smelled of alcohol." The informant said that the suspect got in a car and drove north on Main Street, describing the vehicle as a brown car, possibly an Oldsmobile.

Yates drove north on Main Street and looked left down Geneva, where he saw a cluster of vehicles. Among those vehicles he observed a "small brown car *** swerving all over the curb side roadway." Yates pulled over the brown car, which defendant was driving. Yates eventually arrested defendant for driving under the influence of alcohol.

On cross-examination, after refreshing his recollection with his report of the incident, Yates stated that the informant told him only that the suspect "appeared to be intoxicated." Yates also testified that he observed the brown Oldsmobile cross the white line into the adjacent lane. However, on his report, Yates stated only that the car was weaving within its own lane.

Officer Bellini testified that he administered a breathalyzer test to defendant at 6:24 a.m. on December 5. Prior to this test, he had observed defendant for 20 minutes. However, defendant failed to blow enough air into the machine to produce a reading. Bellini administered a second test at 6:35 a.m. which did produce a valid result.

At the close of the evidence, the court granted the State's motion for a directed finding. The court found that Officer Yates had reasonable grounds to make the initial stop, although "he did not document it very well, if at all." The court also found that the breathalyzer test

comported with the Department's standards, as required by law. Defendant filed a timely notice of appeal.

■ Defendant's first contention on appeal is that the court's finding that the officer had reasonable grounds to effectuate the traffic stop was manifestly erroneous. Defendant contends that the officer did nothing to verify the reliability of the anonymous informant's tip and was thoroughly impeached concerning his observations of defendant's erratic driving. Defendant contends that the discrepancies between Yates' trial testimony and his police report render his testimony highly suspect.

A summary suspension rescission hearing is a civil proceeding in which the motorist bears the burden of proof to establish a *prima facie* case for rescission. (*People v. Orth* (1988), 124 Ill. 2d 326, 337-38.) The trial court's determination in a rescission proceeding will be overturned only if the finding is against the manifest weight of the evidence. (*Orth*, 124 Ill. 2d at 341.) This court will not disturb the trial court's determinations regarding the credibility of the witnesses or the weight to be given their testimony. *People v. Strickland* (1992), 154 Ill. 2d 489, 521.

A police officer may make an investigatory stop, even though probable cause for an arrest is lacking, where the officer's decision is based on specific and articulable facts which reasonably warrant the investigative intrusion. A mere suspicion or hunch is insufficient. *City of Lake Forest v. Dugan* (1990), 206 Ill. App. 3d 552, 555; *People v. Thomas* (1990), 200 Ill. App. 3d 268, 280.

While reasonable grounds for an investigative stop may be based on an informant's tip, some indicia of reliability must be present to justify the stop. (*Dugan*, 206 Ill. App. 3d at 555; *Village of Gurnee v. Gross* (1988), 174 Ill. App. 3d 66, 69-70.) However, the officer's own observations may corroborate the tip or may provide an independent basis for the stop. Specifically, an observation of erratic driving, such as weaving between lanes, is sufficient to justify a traffic stop. (*People v. Alvarez* (1993), 243 Ill. App. 3d 933.) Even weaving within a single lane is sufficient to justify the stop. *People v. Decker* (1989), 181 Ill. App. 3d 427, 430; *People v. Loucks* (1985), 135 Ill. App. 3d 530, 532-33.

In the instant case, the trial court's determination that Officer Yates had reasonable grounds to make the traffic stop is not against the manifest weight of the evidence. The reliability of the informant's tip is immaterial, because the officer's own observation of defendant's erratic driving provided a sufficient basis for the stop. This is true regardless of whether defendant crossed the white line or stayed within

the same lane, since weaving within a lane is sufficient grounds for a stop. The discrepancies between the officer's police report and trial testimony went only to the credibility and the weight of the evidence, a matter which the trial court properly resolved.

The cases defendant cites are distinguishable. In *Dugan* (206 Ill. App. 3d 552), an informant told the officer that the driver of a white Honda was intoxicated, but offered no details to support that conclusion. The officer spotted the Honda and immediately pulled it over. The officer did not personally observe any erratic driving, and the driver stopped the car immediately upon the officer's request. This court held that the unverified tip, devoid of specific facts, was insufficient to support the stop. *Dugan*, 206 Ill. App. 3d at 555-56.

In *Gross* (174 Ill. App. 3d 66), which defendant attempts to distinguish, this court upheld the validity of the stop. In that case, the officer received a tip concerning reckless driving. The officer confirmed the tip by observing a car matching the description given by the informant in the immediate vicinity. Moreover, the driver failed to pull over immediately when requested to do so. (*Gross*, 174 Ill. App. 3d at 70.) Defendant contends that *Gross* is distinguishable because in this case the description of the car was extremely vague and defendant did not delay in pulling over when requested to do so.

Contrary to defendant's assertion, the instant case is even stronger than *Gross*. Officer Yates not only saw a car matching the general description given him by the informant, but observed it being driven erratically. Even discounting the value of the tip, the officer's independent observations provided a valid basis for the stop.

■ Defendant's second appellate issue is that the breathalyzer test administered to him failed to comply with the Department standards where the interval between the first and second tests was 11 minutes. Defendant contends that this interval failed to comply with the 20-minute waiting period mandated by the Department. The State responds that the 20-minute period was complied with.

Evidence of a breath test is admissible in a proceeding arising out of an arrest for driving under the influence of alcohol, but only if the operator complies with standards promulgated by the Department. (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.2(a)(1) (now 625 ILCS 5/ 11—501.2(a)(1) (West 1992)); *People v. Hamilton* (1987), 118 Ill. 2d 153, 160.) The regulations provide that, prior to a test being given, the officer must observe the defendant for a continuous period of at least 20 minutes, during which the subject must not have ingested any alcohol, food or drink, regurgitated, vomited or smoked. 77 Ill. Adm. Code §510.60 (1985); *Orth*, 124 Ill. 2d at 340.

Here, Officer Bellini observed defendant for 20 minutes before administering the abortive first test. He apparently continued to observe him for 11 minutes until the second test. Thus, he complied with the observation period. Defendant does not contend that he engaged in one of the prohibited activities during this period. The only arguable basis for triggering a new 20-minute period was the ineffectual first test. However, as the State notes, the Department's regulations only prohibit the subject from smoking, regurgitating or drinking during the observation period. "Blowing air into a machine is not one of the prohibited activities." The mere attempt at taking the first test was not a prohibited activity and did not require a new observation period.

For the foregoing reasons, the order of the circuit court of Du Page County confirming the statutory summary suspension is affirmed.

Affirmed.

INGLIS, P.J., and GEIGER, J., concur.