THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD McGRUDER, Defendant-Appellant.

Third District   No. 3—98—0296

Opinion filed September 30, 1999.

Carrie B. Marche, of State Appellate Defender's Office, of Ottawa, for appellant.

Paul Mangieri, State's Attorney, of Galesburg (John X. Breslin and John Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Ronald McGruder, was convicted of attempted first degree murder (720 ILCS 5/8—4(a), 9—1 (West 1996)). He was sentenced to 15 years in prison and ordered to pay restitution to the victim in the amount of $249,326.72. On appeal, the defendant maintains that his prison sentence is excessive and the amount of restitution unreasonable. We affirm.

On the night of August 7, 1997, the defendant was at a party with some friends. They were gambling. The defendant's luck was apparently not as good as he would have liked, and he walked out of the house threatening to "kick the first white guy's ass" he saw. Unfortunately for the victim, he was the first white person seen by the defendant. The defendant beat the victim with a board until the victim was near death. At the time of the defendant's trial, the victim could not talk or use his arms or legs. By the sentencing hearing, he could move his right side and feed himself and he was able to recognize people. However, he still could not stand on his own and could not talk. His medical bills totaled $249,326.72.

The defendant argues that the trial judge abused his discretion in setting the length of his prison term and the amount of restitution. However, he failed to file a motion to reconsider his sentence. By failing to file a postsentencing motion, the defendant has waived all claims of error that might have arisen from his sentencing. *People v. Reed*, 177 Ill. 2d 389, 686 N.E.2d 584 (1997). Once a claim has been waived, this court can reverse only if there was plain error. 134 Ill. 2d R. 615(a). Plain error is defined as error of such magnitude that it denied the defendant a fair trial or error in a trial where the evidence is

closely balanced. *People v. Whitehead*, 116 Ill. 2d 425, 508 N.E.2d 687 (1987).

In the instant case, the defendant maintains that the trial court failed to consider the evidence in mitigation, including the defendant's age and lack of significant criminal history. It is abundantly clear to this court that the trial judge did consider these mitigating factors. How else can one describe the leniency which led the judge to impose a 15-year sentence upon the defendant when the defendant's attempt to commit first degree murder was so completely unprovoked and so nearly successful? We find no plain error in the defendant's sentence of imprisonment.

In addition, we note that the purpose of restitution is to compensate crime victims for all of the injuries they suffered at the hands of the defendant and to make the defendant pay all the costs of his crime. *People v. Lowe*, 153 Ill. 2d 195, 606 N.E.2d 1167 (1992). In setting the amount of restitution, the trial court should focus on the victim and attempt to spare him the additional expense, stress and delay of a civil suit. *Lowe*, 153 Ill. 2d 195, 606 N.E.2d 1167. Here, the trial judge did exactly as the legislature contemplated when it enacted law allowing the court to impose restitution. We cannot say that this constituted plain error.

The judgment of the circuit court of Knox County is affirmed.

Affirmed.

LYTTON and HOMER, JJ., concur.