No. 3--99--1000

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2001 

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 14th Judicial Circuit,

 ) Henry County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. 99--CF--213

 ) 

STEVEN M. FOUTS, ) Honorable

                                ) Jeffrey W. O’Connor

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the Court:

_________________________________________________________________

The defendant, Steven Fouts, was convicted of criminal sexual abuse (720 ILCS 5/12--15 (West 1998)) and was sentenced to seven years’ imprisonment, court costs, and $120 restitution for the victim’s mother’s lost wages.  Defendant now appeals the restitution order.

The victim and the defendant both testified at trial.  The victim testified that on the evening of July 21, 1999, she was sitting outside at a friend’s home when the defendant stopped by.  While her friend was inside the defendant kissed her and touched her on the vagina without her permission.  Evidence was also presented that when the defendant was questioned he initially told the police that he had kissed the victim and that his hand might have inadvertently touched her thigh during this kiss.  Later in that same interview, he told the police that he had touched the victim’s vagina.  

The victim’s mother testified the victim was 22 years old and lived at home.  She also testified that the victim had been in special education classes since preschool and that she intellectually functioned at about the fifth or sixth grade level.  When the victim’s mother arrived home on the night of the incident the victim was very upset.  The defendant testified that he and the victim were engaged in consensual kissing, and he had only touched the victim’s thigh.  He denied admitting to the police that he had touched the victim’s vagina.

The judge found the defendant guilty and ordered a presentence investigation report (PSI).  The PSI stated that the victim was "very naive" and "pleasantly childlike."  The PSI also indicated that the victim’s mother had lost two days’ wages to attend the trial.   The State requested restitution be ordered in the amount of the victim’s mother’s lost wages and gasoline to get to the trial, a total of $120.  The defendant did not object to the State’s request.  In announcing his sentence, the judge noted that the victim was clearly intellectually infirm.  The judge sentenced the defendant to seven years’ imprisonment and ordered restitution pursuant to the State’s request.  The defendant filed a motion to reconsider the sentence, but did not allege any specific improprieties in the restitution order.  The motion was denied.  This appeal followed.

The defendant now asserts that the $120 in restitution was improperly ordered because that amount was compensation for the victim’s mother, not the victim.  The defendant contends that this restitution order was void, and thus subject to attack at any time.  The State argues that the issue has been waived by the defendant’s failure to raise the issue at the sentencing hearing or in a post-sentencing motion.

It is axiomatic that a void order can be attacked at any time.  
People v. Davis
, 156 Ill. 2d 149, 619 N.E.2d 750 (1993).  If a judge imposes a sentence that is not authorized by statute, that sentence is void because the judge acted without authority.   
People v. Arna
, 168 Ill. 2d 107, 658 N.E.2d 445 (1995).  However, if a judge imposes a sentence that is excessive because of a mistake of law or fact, the sentence is voidable, and the error can be waived.  
Davis
, 156 Ill. 2d 149, 619 N.E.2d 750.  To preserve a sentencing issue for appellate review a defendant must file a post-sentencing motion.  
People v. Reed
, 177 Ill. 2d 389, 686 N.E.2d 584 (1997).  Failure to file a post-sentencing motion constitutes waiver of sentencing issues, absent plain error.
 Reed
, 177 Ill. 2d 389, 686 N.E.2d 584.

The Unified Code of Corrections permits restitution to be ordered in the amount of the "actual out-of-pocket expenses *** suffered by the victim named in the charge and 
any other victims who may also have suffered out-of-pocket expenses
 *** by the same criminal conduct."  (Emphasis added.)  730 ILCS 5/5--5--6(b) (West 1998).  To define the word victim the Unified Code of Corrections
 refers to the definition contained in Rights of Crime Victims and Witnesses Act (Act) (725 ILCS 120/
1 
et
 
seq
. (West 1998)).  In this statute "victim" is defined as the person who is physically injured by a violent crime (725 ILCS 120/3(a)(1) (West 1998)), or the spouse, parent, child or sibling of any person granted rights under this Act who is physically or mentally incapable of exercising such rights.  725 ILCS 120/3(a)(3) (West 1998).  The defendant argues that based on the statute the judge lacked authority to order restitution for the lost wages of family members.  We disagree.

The restitution section of the Unified Code of Corrections has
 been broadly interpreted as an attempt to make victims whole as a result of any loss caused by the defendant, and to make the defendant responsible for all costs associated with the victim’s loss.  
People v. McGruder
, 307 Ill. App. 3d 970, 718 N.E.2d 1057 (1999); see 
People v. Strebin
, 209 Ill. App. 3d 1078, 568 N.E.2d 420 (1991).  In cases where the physical victim is mentally or physically incapable of asserting her rights under the Act, the Act expands the definition of victim to include a relative of the physical victim.  The Unified Code of Corrections contemplates restitution to more than one victim.  We believe that where a judge determines that the parent of a mentally disabled victim is also a victim under the Act, restitution for lost wages of the parent is statutorily authorized, and thus, not void.

Having determined the judge had authority to order restitution in this case if he found the victim’s mother a victim under the Act, we must now determine if there was sufficient evidence to support his finding.  There is ample evidence in the record to indicate that, although the victim was competent to testify, she was mentally disabled.  The judge viewed the victim and commented in sentencing on her mental disability.  Although it would have been preferable for the judge to state, on the record, that he found the victim’s mother to be a victim, as defined by the Act, we can infer from the record that he did so.  Absent a contrary indication in the record, it is assumed that the trial court sentenced the defendant in accordance with the law.  
People v. Harris
, 314 Ill. App. 3d 409, 731 N.E.2d 928 (2000).  We find there was sufficient evidence for the judge to determine that the victim’s mother was a victim, pursuant to the controlling statute.

Finally, we must now address whether the defendant has waived his objection, as the State asserts.  At sentencing, the defendant had the opportunity to object to the restitution request presented by the State, and he did not.  Furthermore, t
he defendant made no specific mention of the alleged restitution error in his post-sentencing motion.  Therefore, the defendant has waived the claim that he should not be made to pay for the victim’s mother’s lost wages.  As we have noted, the trial judge’s order of restitution to pay for the lost wages was fully consistent with the purpose of the restitution provision in the Unified Code of Corrections.  The defendant’s assertion that this was plain error is intertwined with his assertion that the order was void, an issue we have already decided against the defendant.  We find there was no error
 that compels us to reverse the trial court’s order.

For the foregoing reasons, the judgment of the circuit court of Henry County is affirmed.

Affirmed.

HOMER, P.J., and LYTTON, J., concur.