THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER J. GRECO, Defendant-Appellant.

Second District   No. 2—01—0550

Opinion filed January 17, 2003.

254

GROMETER, J., specially concurring.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Martha M. Gillis, of Evanston, for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

After a bench trial on stipulated evidence, defendant, Christopher J. Greco, was found guilty of driving while cannabis was present in his blood or urine (625 ILCS 5/11—501(a)(6) (West 2000)), the unlawful possession of cannabis (720 ILCS 550/4(a) (West 2000)), and criminal damage to property (720 ILCS 5/21—1(1)(a) (West 2000)). The trial court sentenced defendant to concurrent two-year terms of supervision and ordered defendant to pay restitution not to exceed $300. On appeal, defendant argues that the trial court erred in (1) denying his motion to quash arrest and suppress evidence and (2) failing to set a definite amount of restitution. We affirm.

Defendant was the only witness called during the suppression hearing. He testified that at about 12:40 a.m. on October 23, 2000, he was driving on Waxwing Street, a two-lane highway. He noticed a police car following him. Its emergency lights were not activated. At some point, the officer activated the lights, and defendant pulled over. The officer arrested defendant, searched defendant and his vehicle, and removed items from the vehicle. At the time of the traffic stop, defendant was not violating any traffic laws, and to defendant's knowledge there were no outstanding warrants for his arrest.

During cross-examination, defendant admitted that, while the officer was following him, his vehicle swerved two or three times from the center of the road toward the curb. The officer stopped defendant and talked to him about his driving. Defendant denied that he told the officer he swerved because he was attempting to fasten his seat belt. Defendant admitted that he swerved because he was under the influence of cannabis.

The State moved for a directed finding. Relying on *People v. Manders*, 317 Ill. App. 3d 337 (2000), defendant argued that a vehicle weaving within its own lane is not subject to being stopped. Reasoning that there is a difference between weaving and swerving, Judge Culliton granted the State a directed finding and denied defendant's motion. Defendant filed a motion to reconsider, which Judge Culliton denied.

On May 3, 2001, defendant agreed to a bench trial on stipulated evidence. According to the stipulations, Officer Schubrych of the Na-

perville police department saw defendant's vehicle turn around at the end of Tupelo Street. Schubrych followed the vehicle. While southbound on Modaff Street, the vehicle began weaving back and forth. Schubrych stopped the vehicle after it turned onto Waxwing Street.

Schubrych told defendant why he stopped him. Defendant claimed that he was swerving because he was attempting to fasten his seat belt. Schubrych detected an odor of cannabis emanating from defendant and noticed that defendant's eyes were bloodshot and glassy. Schubrych asked defendant where he had been, and defendant responded that he came from a friend's house on Tupelo Street. Schubrych asked defendant if he had been smoking cannabis, and defendant replied that he had smoked cannabis about 30 minutes earlier. Defendant's speech was slowed and slurred. Defendant failed all field sobriety tests except for the alphabet test.

Schubrych arrested defendant. He searched defendant and found two burned "roaches" containing a green leafy substance and a mirror with white residue on it. Laboratory reports revealed that the green substance weighed .2 grams and was cannabis.

Defendant was brought to the police department and later to a hospital, where he gave blood and urine samples. Laboratory reports revealed that defendant had tetrahydrocannabinol (THC) in his system. Defendant was brought back to the police department. While in his cell, defendant was allowed to make a telephone call to arrange for bond. Defendant slammed the telephone receiver against a tray on the cell door and thereby rendered the telephone inoperable.

Judge Torluemke found defendant guilty. During the sentencing phase of the hearing, the State requested that on the criminal damage to property conviction defendant be ordered to pay "[r]estitution not to exceed $300 payable to the State's Attorney's Office within 60 days of demand." There was no other discussion about restitution. The sentencing order stated, "restitution reserved not to exceed $300[.] [P]ay through SAO within 60 days of demand."

Arguing that the trial court erred in denying his motion to suppress, defendant moved for a new trial. The trial court denied the motion. Defendant appealed on May 17, 2001.

■ Defendant's first contention on appeal is that the trial court erred in denying his motion to suppress. When reviewing a trial court's ruling on a motion to suppress evidence, we accord great deference to the trial court's factual findings and will reverse them only if they are against the manifest weight of the evidence. *People v. Sorenson*, 196 Ill. 2d 425, 431 (2001). We review *de novo* the ultimate question of defendant's legal challenge to the denial of his motion. *Sorenson*, 196 Ill. 2d at 431. Defendant was the only witness during the suppression

hearing, and the facts essentially are undisputed. Therefore, we review *de novo* the trial court's legal conclusion that the traffic stop was proper.

■ An officer may make a valid investigatory stop without probable cause to arrest when there is a reasonable suspicion of criminal activity. *People v. Juarbe*, 318 Ill. App. 3d 1040, 1049 (2001). A traffic stop requires a reasonable suspicion that the vehicle or an occupant is subject to seizure for a violation of the law. *People v. Rush*, 319 Ill. App. 3d 34, 39 (2001). The stop must be based on more than a mere hunch. *People v. Welling*, 324 Ill. App. 3d 594, 600 (2001). Generally, an officer's observation of a traffic violation or erratic driving provides a sufficient basis for a traffic stop. *People v. Brodack*, 296 Ill. App. 3d 71, 74 (1998); *People v. Perez*, 288 Ill. App. 3d 1037, 1043 (1997).

Defendant argues that *Manders* controls here. In *Manders*, the arresting officer testified that he saw the defendant's car weave back and forth within its own lane. He estimated that, when it weaved, the car came within three to six inches of the center line and the "fog line" on the right side of the lane. This court held that there was no valid basis for the traffic stop. First, the court reasoned that section 11—709(a) of the Illinois Vehicle Code (625 ILCS 5/11—709(a) (West 2000)) recognizes that a vehicle cannot be driven in a perfectly straight line. *Manders*, 317 Ill. App. 3d at 341. Section 11—709(a) states that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane." 625 ILCS 5/11—709(a) (West 2000).

Also, the court noted that "weaving" has been defined as " 'the action of a vehicle that alternately diverges from and merges into traffic flows moving in the same direction, *shifting from one lane to another*, and repeatedly crossing the paths of other vehicles.' (Emphasis added.)" *Manders*, 317 Ill. App. 3d at 341, quoting Webster's Third New International Dictionary 2591 (1986). Considering the definition, the court concluded that the movement of the defendant's car could not be termed "weaving" and could not be the basis for a valid investigatory stop. *Manders*, 317 Ill. App. 3d at 341.

We decline to follow *Manders* because it is contrary to the weight of authority. The well-accepted rule in this state is that erratic driving, including weaving within a single lane, is sufficient to justify a traffic stop. *People v. Albright*, 251 Ill. App. 3d 341, 343 (1993); *People v. Diaz*, 247 Ill. App. 3d 625, 627-28 (1993); *People v. Faletti*, 215 Ill. App. 3d 61, 64 (1991); *People v. Decker*, 181 Ill. App. 3d 427, 430 (1989); *People v. Loucks*, 135 Ill. App. 3d 530, 532-33 (1985); *People v. Houldridge*, 117 Ill. App. 3d 1059, 1062 (1983).

The majority opinion in *Manders* does not acknowledge either the well-settled rule or this court's decision in *Diaz*. In *Diaz*, the officer

observed the defendant's vehicle " 'swerving all over the curb side roadway.' " *Diaz*, 247 Ill. App. 3d at 626. This court held that, regardless of whether the vehicle crossed the white line or stayed within the same lane, the officer's observation of the defendant's erratic driving provided a sufficient basis for the stop. *Diaz*, 247 Ill. App. 3d at 627-28.

■ The general rule recognizes that a vehicle may be driven erratically even though it remains within the same lane. *Manders* effectively insulates such conduct and unduly hampers effective law enforcement. Our research reveals a general consensus that weaving within a single lane may be a basis for a valid traffic stop. See *State v. Superior Court*, 149 Ariz. 269, 273, 718 P.2d 171, 175 (1986); *People v. Bracken*, 83 Cal. App. 4th Supp. 1, 4, 99 Cal. Rptr. 2d 481, 483 (2000); *Roberts v. State*, 732 So. 2d 1127, 1128 (Fla. App. 1999); *State v. Tompkins*, 507 N.W.2d 736, 739-40 (Iowa App. 1993); *State v. Field*, 252 Kan. 657, 664, 847 P.2d 1280, 1285 (1993); *State v. Malaney*, 871 S.W.2d 634, 637-38 (Mo. App. 1994); *State v. Thomte*, 226 Neb. 659, 663, 413 N.W.2d 916, 919 (1987); *State v. Watson*, 122 N.C. App. 596, 599-600, 472 S.E.2d 28, 30 (1996); *State v. Gedeon*, 81 Ohio App. 3d 617, 619, 611 N.E.2d 972, 973 (1992); *Neal v. Commonwealth*, 27 Va. App. 233, 239, 498 S.E.2d 422, 425 (1998).

Some courts have concluded that an isolated instance of weaving, slight weaving, or weaving that is neither pronounced nor exaggerated does not justify an investigatory stop. *State v. Binette*, 33 S.W.3d 215, 219 (Tenn. 2000); *Neal*, 27 Va. App. at 239, 498 S.E.2d at 425; *Salter v. North Dakota Department of Transportation*, 505 N.W.2d 111, 113 (N.D. 1993).

We have discovered only two published decisions other than *Manders* adopting a blanket rule that weaving within a single lane cannot be the basis for a valid investigatory stop. *Commonwealth v. Baumgardner*, 568 Pa. 324, 796 A.2d 965 (2002) (*per curiam*); *Commonwealth v. Battaglia*, 802 A.2d 652, 657 (Pa. Super. 2002). These Pennsylvania decisions are based, however, on a different standard. A Pennsylvania statute provides that a police officer may stop a vehicle if he has articulable and reasonable grounds to suspect violation of the Pennsylvania Vehicle Code. 75 Pa. Cons. Stat. Ann. § 6308(b) (West Supp. 2002). Perceived erratic driving is not a violation of the Pennsylvania Vehicle Code and, without more, does not provide reasonable grounds for a traffic stop. *Battaglia*, 802 A.2d at 657. As noted earlier, Illinois courts employ a different standard. Accordingly, we do not find these decisions persuasive and instead choose to follow *Diaz*.

In overruling *Manders* we enforce, not violate, the principle of *stare decisis*, which mandates that courts "stand by precedent and

leave settled points of law undisturbed" (*Charles v. Seigfried*, 165 Ill. 2d 482, 492 (1995)). *Manders* failed even to acknowledge contrary precedent from this district. Our departure from *Manders* restores this district to a position that was abandoned without due regard for this district's precedent or the doctrine of *stare decisis.*

■ We now examine the evidence at the suppression hearing in light of the above discussion. During a hearing on a motion to suppress, the defendant must make a *prima facie* showing that the police acted without a warrant and that he was doing nothing unusual to justify the intrusion of a warrantless search or seizure. *Welling,* 324 Ill. App. 3d at 600. After the defendant has satisfied this burden, the State must present evidence to justify the intrusion. *Welling,* 324 Ill. App. 3d at 600.

■ Here, defendant acknowledged that his vehicle swerved two or three times from the center of the road towards the curb. This was erratic driving sufficient to create a reasonable suspicion that defendant was driving under the influence. See *Malaney,* 871 S.W.2d at 635 (officer observed defendant's vehicle weave within lane three times over one mile); *Thomte,* 226 Neb. at 660, 413 N.W.2d at 917 (officer observed defendant's vehicle weave within lane twice, including one "sharp weave"). Therefore, defendant failed to meet his burden, and the trial court properly granted the State's motion for a directed finding.

Defendant's second contention on appeal is that, because the trial court entered the restitution order without specifying either the amount of or the time for payment, we must remand the cause for a new restitution hearing. Defendant did not object to the restitution order and did not move to reconsider the sentence. Therefore, absent plain error, defendant has waived this contention. *People v. Fouts,* 319 Ill. App. 3d 550, 553 (2001).

Defendant argues that the restitution order is void and therefore may be attacked at any time. He claims that the order is void because it was beyond the trial court's sentencing authority. See *People v. Jones,* 176 Ill. App. 3d 460, 465 (1988) (restitution order reviewed despite failure to preserve issue where trial court improperly reserved for a date after sentencing hearing consideration of defendant's ability to pay).

■ If a court imposes an order that is not authorized by the restitution statute (730 ILCS 5/5—5—6 (West 2000)), the order is void. *Fouts,* 319 Ill. App. 3d at 552; *People v. Thornton,* 286 Ill. App. 3d 624, 632 (1997). If, however, an order is improper either because of a mistake of law or fact, it is voidable, and the error can be waived. *Fouts,* 319 Ill. App. 3d at 552.

■ The restitution order here did not exceed the trial court's

authority and therefore is not void. Defendant complains that the restitution order is incomplete because it does not fix the amount of or the time for payment. A sentencing order should be complete so that no further action by the court or a ministerial officer is required to ascertain its meaning. *People v. Richardson*, 252 Ill. App. 3d 593, 595 (1993). During the sentencing hearing, the trial court must fix a definite amount of restitution. *People v. White*, 146 Ill. App. 3d 998, 1003 (1986).

The sentencing order states, "restitution reserved not to exceed $300[.] [P]ay through SAO within 60 days of demand." Although the order states that the restitution issue was reserved, it is clear that the trial court did not contemplate further proceedings on the issue. The court did not schedule another hearing, and it is evident that the court intended the $300 figure to be an upper limit. If defendant felt that the $300 limit was excessive, he should have objected. Also, the language that restitution is to be paid within 60 days of demand sufficiently establishes a time for payment.

We agree with the State that this case is like those in which the courts held that restitution orders setting a maximum amount were sufficiently definite. *People v. Durk*, 215 Ill. App. 3d 186, 188-89 (1991) (court ordered that restitution of $1,153.35 be paid out of defendant's $2,000 bond and ordered further that remaining bond be held for six months to allow victim to purchase new eyeglasses and pay additional medical bills); *People v. Baugh*, 188 Ill. App. 3d 902, 905 (1989) (order to pay court costs and restitution up to balance of defendant's $2,200 cash bond); *People v. Nash*, 183 Ill. App. 3d 924, 931 (1989) (defendant ordered to pay $300 out of bond and another $1,500 if required). The cases defendant cites are distinguishable because the restitution orders clearly were open-ended. *People v. Hileman*, 185 Ill. App. 3d 510, 516-17 (1989) (order stated, "[r]estitution to be determined by the Probation Office"); *Jones*, 176 Ill. App. 3d at 466 (court set no restitution amount and reserved issue for future date); *White*, 146 Ill. App. 3d at 1003 (court ordered restitution of $12,884.25 and reserved right to determine additional expenses during defendant's incarceration); *People v. White*, 135 Ill. App. 3d 563, 566 (1985) (court ordered defendant to pay full restitution in amount not to exceed actual loss or damage); *People v. Daminski*, 80 Ill. App. 3d 903, 906 (1980) (order that defendant make restitution in amount and manner specified by probation officer). The restitution order here was proper, and we see no plain error that compels us to disturb it.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

CALLUM, J., concurs.

JUSTICE GROMETER, specially concurring:

The majority in reaching their decision overrule the recent decision of this court in *People v. Manders*, 317 Ill. App. 3d 337 (2000). I find this to be unnecessary on the facts of this case. In *Manders* this appellate court upheld the finding of the trial court that there was no probable cause shown to stop a motorist where the testimony was that the motorist was attempting to pass a truck and wove back and forth within her own lane. In reaching its decision here, the trial court had before it the *Manders* decision, but it reasoned that there was a difference between the weaving as set forth in *Manders* and the "swerving" as testified to by the defendant in the instant case. I agree with the trial court and believe the matter should be resolved on that basis. I do not find that *Manders* "effectively insulates such conduct and unduly hampers effective law enforcement." 336 Ill. App. 3d at 258. I think that the two cases read together on their facts point out that law officers still need some violation of the traffic laws before stopping a motor vehicle. Whether "swerving" or "weaving" constitutes a valid basis for a stop turns upon the particular circumstances under which it occurs. In *Manders* it did not. In the instant case, as the trial judge found, it clearly did.