THE VILLAGE OF MUNDELEIN, Plaintiff-Appellant, v. JEANNE MARCIS, Defendant-Appellee.

Second District   No. 2—03—0661

Opinion filed May 14, 2004.

Lawrence R. LaLuzerne, of Smith & LaLuzerne, Ltd., of Waukegan, for appellant.

Mark B. Belokon, of Waukegan, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Jeanne Marcis, was arrested for driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 2002)), and her driving privileges were summarily suspended (see 625 ILCS 5/11—501.1 (West 2002)). Defendant petitioned to rescind the summary suspension, arguing that she was improperly stopped. The trial court granted the petition, and the Village of Mundelein (the Village) appeals pursuant to Supreme Court Rule 303 (155 Ill. 2d R. 303). See *Village of Mundelein v. Thompson*, 341 Ill. App. 3d 842, 847 (2003) (a trial court's decision to grant or deny a petition to rescind a summary suspension is treated as a final order in a civil matter which is appealable under Rule 303). We reverse.

Defendant's only witness at the hearing on the petition was Officer John Sturlini of the Mundelein police department, who testified as follows. On March 8, 2003, at about 3:13 a.m., he observed defendant's vehicle ahead of him and followed it at a distance of 1 to 1½ car lengths. The speed limit was 30 miles per hour. Defendant was

not speeding and her car had no equipment violations. After Officer Sturlini had followed her for a quarter to a half mile, defendant stopped at a red light, signaled, and turned right. The road onto which she turned had a white fog line about 12 inches from the curb. About a quarter to a half mile after turning, her car "began to drift westbound in its lane going against the curb and at that point drove in that condition for about four car lengths before the driver drifted back into the center of the curb lane." After the vehicle had "hit, started rubbing against the curb in the curb lane," it decreased speed to 28 or 25 miles per hour. About one mile further, defendant again drifted toward the curb, rubbed her passenger-side tires against the curb for about 10 car lengths, and drifted back to the center of the lane. She then slowed down to about 15 miles per hour. Defendant never drove into oncoming traffic lanes. Officer Sturlini "believed" that there was a fog line on this portion of the road as well. He decided to stop defendant based on the two drifts and reductions in speed. He admitted that he could not cite her for driving too slowly because she was not impeding traffic. Officer Sturlini subsequently arrested defendant for DUI.

When asked by defense counsel if the basis for the stop was the two drifts across the fog line, Officer Sturlini replied in the affirmative. When asked if he was sure there was a fog line, he replied, "Not a hundred percent sure. But I mean, I'm pretty sure there's a fog line there." Defendant presented a video tape showing that there were no fog lines on the road in question.

The trial court found that Officer Sturlini's testimony about defendant's initial reduction in speed was not credible. It further stated:

"And as it turns out there was no fog line that [Officer Sturlini] relied on. What that affects for the Court is the officer's basis for the stop entirely. And based upon all of the evidence that I have seen I am not convinced that the officer had reasonable grounds to believe that the Defendant was driving while under the influence of alcohol to make the stop in the first place.

So as to the petition to rescind it will be granted on that basis and that basis only."

The Village timely appealed.

■ On appeal, the Village argues that the trial court erred in granting the petition, because the stop was justified even in the absence of a fog line. Under *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968), an investigatory seizure is proper if the officer can point to specific, articulable facts which, when combined with rational inferences derived from them, provide reasonable suspicion that the person

seized has committed or is about to commit a crime. *Village of Munde-lein v. Thompson*, 341 Ill. App. 3d 842, 848 (2003); see 725 ILCS 5/107—14 (West 2002) (codifying *Terry* standard). The facts support-ing the police officer's suspicion do not need to constitute probable cause, but the officer's actions must be based on more than a mere hunch. *People v. Brown*, 343 Ill. App. 3d 617, 622 (2003). However, a court is not limited to the bases cited by the officer for effecting the stop (*Whren v. United States*, 517 U.S. 806, 813, 135 L. Ed. 2d 89, 98, 116 S. Ct. 1769, 1774 (1996)) because a totality-of-circumstances ap-proach is used to objectively analyze whether the stop was reasonable (*People v. Ledesma*, 206 Ill. 2d 571, 583 (2003)).

■ We first address the burden of proof and the standard of review. A hearing on a petition to rescind a summary suspension of driving privileges is a civil proceeding in which the petitioner has the burden to establish a *prima facie* case for rescission. *People v. Smith*, 172 Ill. 2d 289, 294-95 (1996). The burden then shifts to the prosecution to present evidence justifying the suspension. *Smith*, 172 Ill. 2d at 295. In the fourth amendment context, a petitioner may shift the burden by showing that "he was doing nothing unusual to justify the intru-sion by the police at the time of the stop." *People v. Drewes*, 278 Ill. App. 3d 786, 788 (1996). In weighing the evidence before it, the trial court is charged with passing on the witnesses' credibility and the weight to be given to their testimony, and we will not reverse its deci-sion unless it is against the manifest weight of the evidence. However, we may reverse its grant of a petition to rescind if the trial court ap-plied the incorrect legal standard to the facts of the case. *Smith*, 172 Ill. 2d at 295.

■ Defendant maintains that the trial court did not find Officer Sturlini to be a credible witness and discredited his testimony about defendant's drifts. We disagree. The trial court stated that it did not find Officer Sturlini's testimony about defendant's initial reduction in speed to be credible. It also found that the road in question did not have a fog line, a fact that the Village does not dispute. Though the trial court found that Officer Sturlini stopped defendant primarily because he believed that she had crossed the fog line, we note that we are not limited to the officer's subjective reasons for conducting an investigatory stop. *Whren*, 517 U.S. at 813, 135 L. Ed. 2d at 98, 116 S. Ct. at 1774. There is no indication that the trial court found the remainder of Officer Sturlini's unrebutted testimony about defendant's driving to be incredible. We now turn to the issue of whether defendant's drifting and driving against the curb justified the stop.

In resolving this case, we find *People v. Greco*, 336 Ill. App. 3d 253 (2003), instructive. There, the defendant was stopped after his car

"swerved two or three times from the center of the road toward the curb." *Greco*, 336 Ill. App. 3d at 255. This court held that erratic driving, including weaving within a single lane, is sufficient to warrant a traffic stop. *Greco*, 336 Ill. App. 3d at 257. Similarly, in *People v. Diaz*, 247 Ill. App. 3d 625, 626 (1993), the defendant's vehicle was " 'swerving all over the curb side roadway' " and crossed into the adjacent lane. This court held that even if the defendant's vehicle had stayed within the same lane, the defendant's driving was erratic and justified the stop. *Diaz*, 247 Ill. App. 3d at 627-28.

Defendant maintains that *Greco* and *Diaz* are inapposite to this case because those defendants "swerved" several times in a short distance whereas she merely "drifted" toward the curb two times over the course of about two miles. Defendant also contends that Officer Sturlini was tailgating her and caused any irregular driving on her part.

■ After considering the totality of the circumstances, we conclude that defendant's driving was erratic and provided Officer Sturlini with the reasonable suspicion necessary to conduct a traffic stop. In the first occurrence described by Officer Sturlini, defendant's car drifted toward the curb and then hit or otherwise came in contact with the curb. She allowed her car's passenger-side tires to scrape against the curb for four car lengths before she moved back toward the center of the lane. Officer Sturlini did not stop defendant until she had repeated this behavior on the second occasion, with the car's tires rubbing against the curb for about 10 car lengths. By any definition, defendant drove erratically. Furthermore, we reject defendant's assertion that her erratic driving was excusable because it was caused solely by Officer Sturlini's following her at a distance of 1 to 1½ car lengths. See *People v. Rush*, 319 Ill. App. 3d 34, 40 (2001) ("the law does not permit a driver to cross the center line merely because he is being closely followed"). Accordingly, we hold that the trial court erred in granting the petition to rescind, because defendant failed to establish a *prima facie* case that Officer Sturlini lacked a basis for the stop.

For the foregoing reasons, we reverse the judgment of the circuit court of Lake County.

Reversed.

O'MALLEY, P.J., and GROMETER, J., concur.